UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REID TRANSPORT SERVICES, INC., §
§
    Plaintiff, §
VS. §   CIVIL ACTION NO. 4:11-CV-3366
§
BANK OF AMERICA, N.A., §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

**I.**

Before the Court is the defendant's, Bank of America, N.A., motion for summary judgment, brief and supporting documents (Dkt. Nos. 10 and 11). The plaintiff, Reid Transport Service, Inc., although properly served with the motion, has failed to file a timely response. Nevertheless, the Court is not empowered to grant a summary judgment by default, but has examined the motion, pleadings, supporting documents on file and the applicable law and determines that a summary judgment is appropriate.

**II.**

The plaintiff filed suit against the defendant in state court asserting that after it deposited $ 310,961.79 into its account between March of 2005 and March of 2009, the defendant failed to return funds when they were demanded. Contending that the suit is an attempt to collect a debt, the plaintiff made a written demand for the funds and, not having received them, brings this suit under the state common theory of "assumpsit."

The defendant asserts that while the transactions were allegedly unauthorized from the plaintiff's perspective, they were nevertheless, authorized from the defendant's perspective. Also, the defendant contends that: (1) assumpsit is not a cognizable cause of action against it;

(2) the claim, if it exists, is barred by the applicable statute of limitations; (3) the plaintiff's claim is barred by statute, citing to the Texas Business Commerce Code, Chapter 4A and particularly §§ 4.406(d) and (f); and (4) the plaintiff's suit is barred as a matter of contract.

### III.

The defendant is insulated from a suit in assumpsit. A suit in assumpsit is a common law action for breach of a promise, not under seal, by which one person undertakes to do some act, or pay something to another; hence a debt. *See* (Black's Law Dictionary, 8th Ed. 2004). In the case at bar, the plaintiff's relationship with the defendant is defined by the corporate resolutions and signature cards on file with the defendant wherein the plaintiff authorized its corporate secretary to be a signatory on the account. The corporate resolution provides, in relevant part, that:

> The Bank of America, N.A. is 'designated as a depository of the Corporation and that deposit account and/or time deposits (CDs) be opened and maintained in the name of the Corporation with Bank in accordance with the terms of the Bank's Deposit Agreement and Disclosures, and the applicable rules and regulations for such accounts, that any one of **the following officers or employee of the Corporation [Reid Transport Services, Inc.] President, Vice-President, and Secretary is hereby authorized on behalf of the Corporation and in its name**, to execute and to sign any application, deposit agreement, signature card and another documents required by Bank to open said accounts, *to sign checks, drafts, notes, bills of exchanges, acceptances, time deposits (CDs) or other orders for payment of money, to endorse checks, drafts, notes, bills, time deposits (CDs) or other instruments owned or* held by this Corporation for deposit with Bank or for collection or discount by Bank, to accept drafts, acceptances and other instructs payable at Bank, to place orders with Bank for the purchase and sale of foreign currencies on behalf of the Corporation, to execute and deliver an electronic fund transfer agreement *and to make transfers or withdrawals by electronic transfer on behalf of the Corporation*.

. . .

> The Bank is hereby authorized to honor, receive, certify, pay or exchange for money orders or other instruments all instruments signed in accordance with the foregoing resolutions even though such payment may create an overdraft or even though such instruments may be drawn or endorse to the order of any officer or employee signing the same or tendered by such officer or employee or a third party for exchange or cashing or a payment of the individual obligation of such officer or employee, or for deposit to such officer's or employee's personal account and Bank shall not be required or under any obligation to inquire as to the circumstances of the issuance or use of any instrument signed in accordance with the foregoing resolutions or the application or disposition of such instrument or the proceeds thereof, and further that ***the Bank is authorized to honor any instructions regarding withdrawals, orders for payment or transfer of funds whether oral, by telephone, or electronic means if such withdrawal, orders or transfer are initiated by an above authorized officer or employee.***

Based on the pleadings, the Court finds the following and additional facts to be undisputed:

> The plaintiff did not report that there had been alleged unauthorized transactions on its account. The defendant first learned of the alleged unauthorized transactions upon service of this lawsuit on August 15, 2011.
>
> The plaintiff's Corporate Resolutions and signature card on file with the defendant lists the plaintiff's employee and corporate Secretary, George Metzger, as an authorized signatory on the plaintiff's corporate account and completely directs and authorizes the defendant to honor payment, check or other withdrawal transactions effected by any designated authorized signer without liability or duty of inquiry.
>
> The defendant sent all bank statements on the plaintiff's account to the plaintiff on a monthly basis. On each bank statement sent by the defendant, all withdrawals and deposits were identified by date, amount, and type of transaction.
>
> No act of the defendant prevented the plaintiff from discovering or investigating the withdrawals which may have appeared on its bank statement from 2005 until April 2010.

> The plaintiff's signature card, executed on March 25, 2005, states at the outset of the document that the plaintiff expresses its agreement to, and the binding effect of the defendant's account rules.
>
> In addition to the language in the Deposit Agreement, the duty to report unauthorized transactions within 60 days was set forth in each statement sent by the defendant to the plaintiff

The plaintiff admits that its corporate secretary was authorized to sign checks and make deposits as well as withdrawals from its account. As well, the plaintiff does not dispute that the withdrawals from its account totaling $310,961.79, were made by its corporate secretary.

## IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving

party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

Based on the pleadings and the undisputed evidence before the Court, the Court concludes that the defendant is entitled to a summary judgment. The Court need not address all the asserted bases for summary judgment relief argued by the defendant since complete relief on any claim disposes of the plaintiff's suit in its entirety. Accordingly, it is hereby ORDERED that the defendant's motion for summary judgment is GRANTED.

SIGNED at Houston, Texas this 17th day of August, 2012.

_____
Kenneth M. Hoyt
United States District Judge